UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | |
|---|---|
| DOUGLAS A. WAIN, et al., ) | |
| ) | |
| Plaintiffs, ) | Civil Action No. 5: 23-245-DCR |
| ) | |
| V. ) | |
| ) | |
| U.S. BANK TRUST NATIONAL ) | **MEMORANDUM OPINION** |
| ASSOCIATION, ) | **AND ORDER** |
| ) | |
| Defendant. ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Plaintiffs Douglas and Elisa Wain ("the Wains") filed this action against Defendant U.S. Bank Trust National Association ("U.S. Bank") on August 25, 2023. [Record No. 1] They seek a declaratory judgment that U.S. Bank's foreclosure action against them in state court violates the federal moratorium on the foreclosure of properties with federally backed mortgages. [*Id.* ¶ 1] U.S. Bank has moved to dismiss the Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6). [Record No. 11] In addition to tendering a response to the defendant's motion, the Wains filed an Amended Complaint. [Record No. 15] However, the Amended Complaint was improperly filed and will not be considered in resolving the instant motion. U.S. Bank's motion to dismiss will be granted because this Court lacks subject matter jurisdiction pursuant to the *Rooker-Feldman* doctrine.

**I.**

The Wains resided at 2711 Barbados Lane in Lexington, Kentucky, subject to a promissory note and first mortgage on the property in favor of Ditech Financial LLC

("Ditech"). [Record No. 1, ¶ 6] Central Bank & Trust Co. ("Central Bank") initiated a foreclosure action on March 6, 2019, in Fayette Circuit Court, adding Ditech as a defendant in November 2019.[1] [Record No. 11-3] Following judgment in favor of Central Bank, the property was sold at a Master Commissioner's Sale on February 8, 2021. [Record No. 11-4] The sale was confirmed on February 24, 2021, and proceeds in the amount of $605,035.42 were held pending further orders of the court. [Record No. 11-6]

On March 16, 2021, NewRez LLC, doing business as Shellpoint Mortgage Servicing ("Shellpoint"), was substituted for Ditech in the foreclosure action. [Record No. 11-7] The court permitted Shellpoint to file an amended answer and cross-claim against the Wains, overruling their objection that Shellpoint was barred from doing so by the CARES Act federal foreclosure and eviction moratorium. [Record No. 11-8] In so ruling, the court stated:

> The Court, having heard the arguments of counsel, and being otherwise sufficiently advised, finds that the federal foreclosure and eviction moratorium, issued in response to the COVID-19 emergency and articulated in 15 U.S.C. § 9056(c)(2), does not bar Shellpoint from proceeding with its Amended Answer and Cross-Claim. The Court further finds that the real property which is the subject of this action is "vacant" for the purposes of 15 U.S.C. § 9056(c)(2).

[*Id.*]

On June 6, 2023, U.S. Bank was substituted for Shellpoint and shortly thereafter moved for summary judgment seeking a personal judgment against the Wains and distribution of the sale proceeds. [Record Nos. 11-9, 11-10] That motion remains pending in Fayette Circuit Court.

---

[1] *Central Bank & Trust Co. v. Douglas A. Wain*, No. 19-CI-00812 (Fayette Cir. Ct. filed Mar. 6, 2019).

The Wains filed the present action with this Court against U.S. Bank on August 25, 2023. They request a declaratory judgment holding that U.S. Bank's foreclosure action against them in Fayette Circuit Court violates the federal moratorium on the foreclosure of properties with federally backed mortgages. [Record No. 1] U.S. Bank responded with a motion to dismiss, arguing that the Wains' Complaint is barred by the *Rooker-Feldman* doctrine, and that it fails to state a claim upon which relief may be granted. [Record No. 11] In addition to tendering a response to the motion, the Wains submitted an Amended Complaint raising an additional claim under the Fair Credit Reporting Act. [Record No. 15]

**I.**

"The general rule is that filing an amended complaint moots pending motions to dismiss." *Crawford v. Tilley*, 15 F.4th 752, 759 (6th Cir. 2021) (citing *Pettaway v. Nat'l Recovery Sols., LLC*, 955 F.3d 299, 303–04 (2d Cir. 2020) (per curiam)). But this rule only applies when the amended complaint is properly filed. The Wains first moved to amend their complaint on October 9, 2023, prior to providing the Court with proof of service, pursuant to Rule 4(l)(1). [Record No. 6] The undersigned denied the motion as unnecessary, referring the Wains to Rule 15(a)(1) and noting that "leave of Court is not required." [Record No. 7] But they chose not to file an amended complaint at that time.

U.S. Bank's motion to dismiss was filed on December 15, 2023. [Record No. 11] Rule 15(a)(1) provides as follows:

> A party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

Fed. R. Civ. P. 15(a)(1). Thus, the Wains had until January 5, 2024, to file their Amended Complaint without leave, as a matter of course.[2] The parties tendered a Proposed Agreed Order on January 9, 2024—after the deadline—stating: "Plaintiffs shall file their Response to USBT's Motion to Dismiss on or before January 15, 2024." [Record No. 13] The undersigned's Order granting the extension did not impact the deadline for filing an amended complaint without leave, which had already passed.

If the Wains wanted to file an amended complaint, they were bound by the constraints of Rule 15(a)(2): "[A] party may amend its pleading only with the opposing party's written consent or the court's leave." Since the Amended Complaint filed January 15, 2024, was untimely and without leave of the Court, it will not be considered in resolving U.S. Bank's motion to dismiss.

## II.

Motions under Rule 12(b)(1) fall into two general categories: facial attacks and factual attacks. *See Gentek Bldg. Prods. v. Sherwin-Williams Claims*, 491 F.3d 320, 330 (6th Cir. 2007); *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990). "A facial attack goes to the question of whether the plaintiff has alleged a basis for subject matter jurisdiction." *Cartwright v. Garner*, 751 F.3d 752, 759 (6th Cir. 2014); *Gentek Bldg. Prods.*, 491 F.3d at 330 ("A facial attack on the subject-matter jurisdiction alleged in the complaint questions merely the sufficiency of the pleading."). When the motion presents a facial attack, the Court accepts the material allegations in the Complaint as true and construes them in the

---

[2] This was also the date that the Wains' Response to U.S. Bank's Motion to Dismiss was due. *See* LR 7.1(c).

light most favorable to the plaintiff, similar to the standard under Rule 12(b)(6). *See United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994). That is the standard that controls here.

**A.**

Title 28 U.S.C. § 1257 limits appeals of state court decisions to the United States Supreme Court. *See Skinner v. Switzer*, 562 U.S. 521, 531–32 (2011) (citing *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 292 (2005)). The *Rooker-Feldman* doctrine recognizes that limitation by barring federal district courts from hearing cases brought by state-court losing parties challenging state-court judgments, which would effectively circumvent 28 U.S.C. § 1257 and the principles of state/federal comity. *See Reed v. Goertz*, 598 U.S. 230, 235 (2023); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983). Stated differently, the doctrine makes clear that the subject matter jurisdiction conferred to federal district courts under 28 U.S.C. § 1331 does not authorize appellate jurisdiction over state-court judgments. *See Verizon Md., Inc. v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635, 644 n. 3 (2002).

The *Rooker-Feldman* doctrine applies in "(1) cases brought by state-court losers (2) complaining of injuries caused by state-court judgments (3) rendered before the district court proceedings commenced (4) and inviting district court review and rejection of those judgments." *RLR Invs., LLC v. City of Pigeon Forge*, 4 F.4th 380, 387 (6th Cir. 2021) (quoting *Exxon*, 544 U.S. at 284). The Sixth Circuit also has concluded that *Rooker-Feldman* is not limited to entries of final judgment; district courts lack subject matter jurisdiction to review interlocutory orders as well. *See Pieper v. American Arb. Ass'n, Inc.*, 336 F.3d 458, 462 (6th Cir. 2003); *see also Harold v. Steel*, 773 F.3d 884, 886 (7th Cir. 2014) ("The principle that only

the Supreme Court can review the decisions by the state judiciary in civil litigation is as applicable to interlocutory as to final state-court decisions.").

**B.**

The Wains' argument that *Rooker-Feldman* does not apply to interlocutory orders is misplaced. *See RLR Investments*, 4 F.4th at 396 ("Under *Rooker-Feldman*—even after *Exxon*—federal district courts don't have jurisdiction over appeals of interlocutory state-court orders."). Likewise, so is their claim that *Rooker-Feldman* is inapplicable because their alleged injury was caused by the initiation of the cross-claim, rather than the state court's order permitting the claim to proceed. [Record No. 16, p. 7]

The Sixth Circuit has instructed courts to determine whether *Rooker-Feldman* bars a claim "by looking to the 'source of the injury the plaintiff alleges in the federal complaint.'" *VanderKodde v. Mary Jane M. Elliott, P.C.*, 951 F.3d 397, 402 (6th Cir. 2020) (quoting *McCormick v. Braverman*, 451 F.3d 382, 393 (6th Cir. 2006)). "If the source of the plaintiff's injury is the state-court judgment itself, then *Rooker-Feldman* applies." *Id.* The Wains can only prevail in federal court if the state court's conclusion of law is incorrect, so the state court order is indeed the source of the injury. *See RLR Investments*, 4 F.4th at 388 ("RLR would only prevail on its § 1983 claims or its constitutional claims if the state court were wrong, so the Order is the source of the injury.").

Fayette Circuit Court Judge Kimberly Bunnell entered an interlocutory order after reaching the legal conclusion that "the federal foreclosure and eviction moratorium, issued in response to the COVID-19 emergency and articulated in 15 U.S.C. § 9056(c)(2), does not bar Shellpoint from proceeding with its Amended Answer and Cross-Claim." [Record No. 11-8]

After that order was entered, the Wains brought suit in this Court seeking a declaratory judgment that Shellpoint's "foreclosure Cross-Claim against Plaintiffs and USB's continued pursuit of its foreclosure claim against Plaintiffs violates 15 U.S.C. § 9056(c)(2)." [Record No. 1, ¶ 12] The Wains' request cannot be construed as anything other than an attempt to invoke federal appellate review of an unfavorable state-court decision. And while that remedy is not off the table, the *Rooker-Feldman* doctrine makes clear that it will not be for this Court to adjudicate.

### III.

Based upon the foregoing analysis and conclusion, it is hereby

**ORDERED** as follows:

1. Defendant U.S. Bank Trust National Association's motion to dismiss [Record No. 11] is **GRANTED**.

2. This action is **DISMISSED**, with prejudice, pursuant to Rule 12(b)(1), and **STRICKEN** from the docket.

3. A separate Judgment will be entered this date.

Dated: February 16, 2024.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky